UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANONDOAH D. BRADY,

    Petitioner,

v.                                                       Case No. 8:08-cv-706-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
                                                            /

**O R D E R**

Brady petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for robbery and accessory after the fact, for which he is serving fifteen years. The petition is time-barred. See Jackson v. Secretary of Department of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus sua sponte).

The Anti-Terrorism and Effective Death Penalty Act created a limitations period for petitions for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Brady's conviction was final on February 9, 2006,[1] and the limitation period expired one year later, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Brady commenced a state Rule 3.850 motion for post-conviction relief on November 16, 2007, which was timely within the state two-year period for filing a Rule 3.850 motion, but beyond the February, 2007, federal limitation deadline. As a consequence, the Rule 3.850 proceeding could not toll the federal limitation period, which expired nine months earlier. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002). Consequently, this federal petition is untimely.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk shall enter a judgment against Brady and close this action.

ORDERED in Tampa, Florida, on April 21, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] According to Brady's petition and the online records for Florida's Second District Court of Appeal, Brady's direct appeal concluded on November 16, 2005, when his conviction was affirmed. The conviction was final for federal statute of limitation purposes 90 days later, which represents the time allowed for filing a petition for the writ of certiorari, 28 U.S.C. § 2244(d)(1)(A). See Bond v. Moore, 309 F.3d 770 (11th Cir. 2002), and Jackson v. Sec. Dept. Corr., 292 F.3d 1347 (11th Cir. 2002).